IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON SAYRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-51-W |
| | ) | |
| KAY COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner sent the court a document addressed to the "Cheif [sic] Judge," wherein he states that he is detained at the Kay County Detention Center. Doc. 1, at 1. Petitioner complains that his court-appointed attorney is not actively working on his case and asks this Court to investigate his attorney and the "whole COUNTY of KAY." *Id.* at 2. The Clerk of the Court filed the document as arising under 28 U.S.C. § 2254 and gave it the above case style. United States District Court Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). The undersigned finds that Petitioner's document is more properly construed as arising under 28 U.S.C. § 2241, and recommends that the court dismiss it without prejudice.

I. **Analysis.**

Petitioner explains that Kay County officials have charged him with possession of a firearm and trafficking in illegal drugs and are holding him on a $250,000.00 bond. Doc. 1, at 1. Petitioner claims that the illegal drug was really candy but his attorney refuses to seek an "amended complaint," a bond reduction, or a speedy trial. *Id.* at 2. Petitioner complains that his attorney's inaction is because he is "court appointed" and alleges that counsel is trying to extort him for money. *Id.*

The undersigned construes Petitioner's document as challenging his current incarceration. To that end, the document would arise under 28 U.S.C. § 2241 because he is a pre-trial detainee. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 925 (10th Cir. 2008) ("Although [petitioner's] first pro se habeas petition was filed under § 2254, we recognized on appeal that it was more properly characterized as a § 2241 petition because it was filed pretrial and not while he was in custody pursuant to judgment of a state court."). With that construction, the undersigned recommends dismissal on preliminary review pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] In the court's discretion, Rule 4 is applied to this 28 U.S.C. § 2241 habeas action. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's only requested remedy is an investigation; however, this Court has no authority to investigate Petitioner's attorney, or Kay County. Instead, the court could only grant Petitioner immediate or speedier release from confinement. *See Fraizer v. Jackson*, 385 F. App'x 808, 810-11 (10th Cir. 2010) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement.") (internal quotation marks and citation omitted). And, *Younger v. Harris*, 401 U.S. 37 (1971), prevents the court from taking such action.

In *Younger*, the Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are (1) ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests. 401 U.S. at 43. "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (internal quotation marks and citation omitted). And, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe*

3

*v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted). An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 49-55 (citation omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). However, Petitioner has a "'heavy burden'" of establishing an exception to the *Younger* abstention doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

Based on the foregoing, the undersigned recommends that the court abstain in this case. Petitioner's criminal case began before he initiated this suit, and "'Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.'" *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006) (citation omitted). And, if this Court found that Petitioner's current attorney is constitutionally ineffective, it would result in substantial disruption of the ongoing state process. Further, if the state court convicts Petitioner, he may raise his federal constitutional claims on direct appeal and, if necessary, in an application for post-conviction relief. *See* Okla. Stat. tit. 22, §§ 1051, 1080. Finally, Petitioner's document does not allege any exception to the *Younger* abstention doctrine.

4

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends that the court dismiss Petitioner's document, Doc. 1, construed as a petition for habeas corpus arising under 28 U.S.C. § 2241.

The undersigned advises Petitioner of his right to file an objection to the report and recommendation with the Clerk of this Court by March 19, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned instructs the Clerk of the Court to electronically forward this report and recommendation to the Oklahoma Attorney General at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 27th day of February, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE